## MERRITT v. UNITED STATES.
### No. 18583.

District Court, N. D. California, S. D.
Dec. 4, 1930.

George L. Lang, of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and Hubert Wyckoff, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

NORCROSS, District Judge.

Plaintiff brings this action to recover on a war risk insurance policy issued to James J. Holland, a deceased veteran of the late war.

On the 17th day of December, 1917, while serving with the Marine Corps in France the soldier applied for and was granted insurance in the sum of $5,000. The sole beneficiary named in his application was "Alice Mary Holland, Relationship—sister." The post office address of the beneficiary, required to be stated in the application, was "St. Joseph's School, San Francisco, California." Holland was honorably discharged from the service January 23, 1920. On June 1, 1920, he filled out and verified an application for compensation as a disabled veteran, and in answering questions attached wrote in the time and place of his application for war risk insurance and in the blank space following "Name of Beneficiary" wrote "Sister, Alice Holland, St. Joseph's School, S. F. Cal." In the blank space following the direction "Give name and address of each parent living," the applicant wrote: "Aunt & Uncle, W. 83 South Flower St. Los Angeles, Calif. Mr. and Mrs. Merritt." On June 28, 1920, Holland converted $2,000 of this policy into a government twenty-year endowment policy, and named as beneficiary Fred Michael Merritt, also known as Dexter Fred Merritt, uncle. On February 14, 1920, Holland filled out an application to the Federal Board of Vocational Education, and in the blank space following "Next of Kin's or Nearest Friend's Name" wrote: "(Uncle) Fred Merritt," and in the space for the address wrote: "Genl. Del.—Los Angeles, Calif." James J. Holland died January 21, 1921. Following the veteran's death the amount of the $2,000 policy was paid by the government to the designated beneficiary Fred Michael Merritt. Merritt died June 21, 1927. The said Fred Michael Merritt and Fannie Merritt, plaintiff herein, were married in 1912, and thereafter lived together as husband and wife until the death of Mr. Merritt.

Plaintiff in her complaint, among other matters, alleges: "That due and diligent search and inquiry has been made for a considerable period of time by officers of the said Bureau and by your petitioner herein to

ascertain the whereabouts and/or the existence of the said Alice Mary Holland, also known as Alice Holland. That no person by such name and/or answering such description has ever been found and plaintiff therefore alleges that no such person as Alice Mary Holland, also known as Alice Holland, ever existed."

Plaintiff prays for judgment, among other matters, as follows:

"1. That said Alice Mary Holland also known as Alice Holland never existed or that she be declared legally dead as of the 2nd day of June, 1927.

"2. That said Fred Michael Merritt also known as Dexter Fred Merritt be declared to be next of kin of said James J. Holland, deceased and entitled, under the laws of the State of California, to succeed to the estate of said James J. Holland at the time of death of said Fred Michael Merritt, also known as Dexter Fred Merritt, to-wit, June 21st, 1927.

"3. That Fannie Merritt be declared to be entitled, under the laws of the State of California to succeed to the estate of Fred Michael Merritt also known as Dexter Fred Merritt."

The questions of fact presented for determination upon the trial are: Whether there ever existed such a person as Alice Mary Holland, and, if she did exist, whether she should be regarded as legally dead prior to the death of the said Fred Michael Merritt, and whether the said Merritt was an uncle of the deceased veteran.

■ The only evidence of the existence of a sister of the deceased veteran is to be found in the statement naming her as his beneficiary in his application for insurance and his statement in his application for compensation that she was the beneficiary named in his policy. The evidence discloses there was but one school in San Francisco by name St. Joseph's. The records of this school disclosed the name of no student attending or any one of the name of Alice Mary Holland residing at such school either at the time of Holland's application for insurance or at any other time. Two other institutions, an orphanage and a hospital, in San Francisco having the name St. Joseph's were investigated and contained no record of such person. A school by name St. Joseph's Academy located in Berkeley, Cal., was also investigated without result. A witness by name Martha Holland, who had attended the said St. Joseph's School, Tenth and Howard streets, San Francisco, between the years 1917 and 1920, testified no other girl by the name of Holland was at the school

at that time, and that she knew nothing of either an Alice Mary Holland or a James J. Holland, an ex-service man. Under date of September 13, 1923, a two-column article was published in the San Francisco Bulletin, an evening newspaper of general circulation, detailing the circumstances of the insurance left by James J. Holland, and stating in effect that the government was desirous of presenting $3,000 to Alice Mary Holland, a sister of the decedent. Other efforts were made by the Veteran's Bureau, American Legion, and on behalf of the plaintiff, to locate the said designated beneficiary, without result.

It cannot be said that a reasonable and diligent effort to locate the designated beneficiary, if she had existence in fact, has not been made. Assuming the statement in the application for insurance sufficient to establish that such a person named as beneficiary had existed in fact and was a sister of the insured veteran, the evidence is persuasive that neither at the time the application for insurance was made, nor at any other time thereafter, did the soldier know where she was. He was required to give the residence of the beneficiary, and the fact that he gave one where she was unknown, in the absence of other circumstances, is conclusive that he did not know her place of residence. Not having been heard of since the date of his applications either for insurance or for compensation, the presumption of death within seven years from the latter date would apply. The writing in of the name of Fred Merritt, "Uncle" as his "Next of Kin's or Nearest Friend's Name," in his application for vocational education supports the view that he then had no knowledge of the existence of such or any sister.

■ Was the decedent Fred Michael Merritt or Dexter Fred Merritt, as his true name may have been, an uncle and next of kin of the deceased insured veteran? It is the contention of counsel for the government that statements of Merritt and Holland made during their lifetimes, ordinarily sufficient to establish such relationship within the exception of the hearsay rule, nevertheless are shown by the record to have their basis in the statements of a stranger not related to either of the parties. This position is based on an affidavit made by the decedent Merritt on the 19th day of January, 1925, signed: "Dexter Fred Merritt," and reading:

"This is to certify that I have stood in loco parentis for the deceased Marine, James John Holland. The facts regarding the case are these:

"About two weeks after the earthquake and fire in San Francisco, during April, 1906, James John Holland, who at that time was about ten years of age, was brought to me by Mr. Thomas Bailey, who soon thereafter departed for Australia, and I have not seen or been able to locate him since that time. Mr. Bailey at the time he brought the child to me, advised that James John Holland was the son of my sister, Martha Holland, nee Martha Merritt. I had not seen this sister since my childhood days, due to the fact that my sister was raised by my mother whereas I was raised by my aunt.

"Mr. Bailey also stated to me that my sister was the mother of James John Holland, was living in a rooming house that collapsed during the earthquake and that she died the same day of injury sustained. Mr. Bailey further stated that the father of the boy, John Holland, was killed in an accident in a shipyard in an Eastern State sometime prior to 1906.

"Since May of 1906, the deceased Marine, James John Holland, lived continuously in my home. I provided for his clothing, food and lodgings. Saw that he was sent to school, took care of all the expenses that were necessary for his education, in fact, in every way I stood in place of his natural father.

"The boy, with the exception of a few months, made his home continuously with me until he departed for New York City in December, 1916. He then enlisted in the U. S. Marine Corps at Port Royal, South Carolina, on April 17th, 1917."

This affidavit was introduced in evidence by defendant. It is not contended by either party that the events therein recited did not transpire. Counsel for defendant contend that this affidavit is an admission by Merritt that the whole matter of relationship rests upon the recited statements of Thomas Bailey as appearing in the affidavit. It must be conceded that, if Bailey were present and called as a witness, he would be incompetent to testify respecting his belief or understanding of the parentage of Holland or the relationship of his mother to Merritt, but he could within the rule testify to statements by him heard made by the mother of Holland. Merritt may not 'have seen his sister since his childhood days, but it would not necessarily follow that each did not know of the other's existence and place of residence. The Merritt affidavit was not made in respect to the matter of relationship, but to establish that during the life of the deceased veteran Merritt

had stood in loco parentis. It is not reasonably conceivable how Bailey could have known where to find Merritt and to deliver to him a ten year old boy with the statement that he was the child of Merritt's sister unless he had previously acquired that information from the child's mother. Nor is it reasonably conceivable that Merritt, a man then in very moderate circumstances, would accept from a stranger or even an acquaintance, if such Bailey may have been, a ten year old boy and assume the responsibility of his care, support, and education unless he knew there existed in fact the close tie of blood as stated. No authorities have been cited dealing with a situation such as we have presented in this affidavit. Having been offered by the defendant for the purpose of establishing that the statements of both Merritt and Holland that the relationship of uncle and nephew respectively existed between them rest on declarations of a stranger, the court is of opinion that such declarations are to be viewed in the light of the attendant circumstances which are convincing they had their origin in expressions made by Martha Holland during her lifetime. The fact that Merritt appears to have faithfully carried out the burden he assumed is another circumstance that may be said to speak stronger than words that the relationship actually existed, and that he knew he was providing for the child of his deceased sister.

Fannie Merritt, widow of the said Fred Merritt, testified to many statements having been made by both Merritt and Holland during their lifetimes concerning their relationship. There are also the written declarations of the parties and the fact that as to part of the original insurance that relationship has once been recognized by the government. As against the force of this evidence there is but the statement in the affidavit of Merritt, considered supra, in reference to what was said by Thomas Bailey.

Cases of this character have to be determined upon such evidence as is available however we may wish it were more conclusive in character. It is the conclusion of the court that the relationship of uncle and nephew existed between the said decedents Merritt and Holland, and, assuming the existence of Alice Mary Holland as a sister of the insured veteran, that she is legally presumed to have died prior to the death of the decedent Merritt.

Plaintiff is entitled to judgment as prayed for.

It is so ordered.